# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. _____ |
| Plaintiff, | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| -against- | **INJUNCTIVE RELIEF SOUGHT** |
| CEMEX CONSTRUCTION MATERIALS FLORIDA, LLC, | |
| Defendant. | |

## NATURE OF ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Charging Party Amanda Textor ("Textor"). As alleged with greater particularity below, Plaintiff U.S. Equal Opportunity Employment Commission ("EEOC") alleges that Defendant CEMEX Construction Materials Florida, LLC ("Cemex") violated Title VII when it discriminated against Ms. Textor by refusing to accommodate her sincerely held religious belief that she wear a skirt or dress in public, leading to her termination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345.

2. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3)

("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

3. Venue is proper because the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Middle District of Florida, Tampa Division.

## PARTIES

4. Plaintiff EEOC is an agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

5. Defendant Cemex is registered to do business in Florida, it has continuously done business in Florida, and it has employed at least 15 employees at all relevant times.

6. Defendant Cemex manufactures and delivers building construction materials such as cement, construction aggregates, ready mix concrete, and concrete block throughout Florida.

7. At all relevant times, Cemex has continuously been an employer engaged in an industry affecting commerce under 42 U.S.C. 701(b), (g), and (h) of Title VII, 42 U.S.C. § 2000e(b), (g), and (h).

## CONDITIONS PRECEDENT

8. More than thirty days prior to the institution of this lawsuit, Ms. Textor filed a Charge of Discrimination with EEOC alleging that Cemex violated Title VII.

9. EEOC issued a Letter of Determination finding reasonable cause to believe that Cemex discriminated against Ms. Textor in violation of Title VII by denying her a religious accommodation.

10. Prior to the institution of this lawsuit, EEOC attempted to correct the unlawful employment practices alleged herein through informal methods of conciliation, conference, and persuasion, to remedy the discriminatory practices and provide appropriate relief.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

12. Ms. Textor was employed by Cemex as a Mixture Truck Driver from October 2, 2023 until Cemex terminated her employment on October 9, 2023.

13. The primary responsibilities of a Cemex Mixture Truck Driver are to drive a concrete mixer truck to construction sites and discharge the concrete.

14. Ms. Textor is an experienced driver with a CDL Class B license and holds certifications in air brakes and passenger endorsements. She has over ten years' experience as a bus driver and as a supervisor of other drivers.

15. Throughout Ms. Textor's Cemex employment, she was qualified for her position and performed her duties in a professional and competent manner.

16. Ms. Textor is an Apostolic Christian.

17. Ms. Textor's religious beliefs require that she wear a skirt or dress while in public.

18. Ms. Textor holds this sincerely held religious belief that she, as an Apostolic Christian woman, must wear a skirt or dress in public.

19. On September 11, 2023, Ms. Textor interviewed for the Mixture Truck Driver position with Cemex. John Rawls ("Rawls"), a Cemex Plant Foreman, conducted the interview.

20. During the interview Ms. Textor informed Mr. Rawls that she wears a skirt for

3

religious reasons and would need to do so at work.

21. Mr. Rawls told Ms. Textor that she can wear a skirt if it is worn over pants. Ms. Textor agreed to do so.

22. Mr. Rawls further stated that he would confirm that Ms. Textor could wear a skirt with his supervisor, TJ Paul ("Paul"), a Cemex Plant Manager.

23. On September 12, 2023, Mr. Paul sent Ms. Textor a text message, stating, in relevant part:

> John [Rawls] told me about your concerns for your or [sic] uniforms. All of our employees are held to the same standard as far as minimum standard of uniforms we provide. Such as work pants, high vis shirt and PPE. This excludes any loose fitting clothing, jewelry or hair that can become unsafe if they are snagged on a hazard. Is that something you are okay with?

24. Ms. Textor responded, in relevant part, "[g]ood, that's a relief. Yes, I'm sure I can find something that's not loose but will work over the pants."

25. Mr. Paul never raised any concern regarding Ms. Textor's plan to wear a non-loose fitting skirt over pants.

26. Ms. Textor could safely perform the Mixture Truck Driver position in her skirt.

27. On October 2, 2023, Ms. Textor started working for Cemex. She, like all new Cemex Mixture Truck Drivers, began as a trainee where she shadowed experienced cement truck drivers on their daily work assignments.

28. Throughout Ms. Textor's Cemex employment, she wore a form fitting knee-length skirt over her work pants. The skirts were made from a stretchy spandex-like material.

29. Because Ms. Textor only wore form fitting skirts, she was in compliance with Cemex's uniform policy. On October 6, 2023, Sophia Husebo ("Husebo"), Cemex's human resources representative, asked Ms. Textor why she was wearing a skirt.

30. Ms. Textor responded to Ms. Husebo that she is an Apostolic Christian, and she wears a skirt for religious reasons. Following her conversation with Ms. Husebo, Ms. Textor departed for a work assignment.

31. When Ms. Textor returned, Ms. Husebo was there waiting for her.

32. Ms. Husebo instructed Ms. Textor to leave work because she was wearing a skirt. Ms. Husebo explained that loose material from a skirt could get caught on something.

33. Ms. Husebo stated that Ms. Textor would not be permitted to work at Cemex if she returned wearing a skirt.

34. As a compromise, Ms. Textor offered to wear a shorter skirt over her pants to be allowed to continue to work, but Ms. Husebo refused.

35. Ms. Husebo failed to acknowledge that Ms. Textor only wore form fitting skirts to work that did not have loose material.

36. Following the conversation, Ms. Textor told Ms. Husebo that she would speak with her pastor about the matter.

37. Ms. Textor's pastor confirmed that her wearing a skirt was a religious requirement, even at work, and even if it meant losing her job.

38. Thereafter, Ms. Textor sent Ms. Husebo a text message regarding her request for a religious accommodation, as follows:

> Hey Sophia [Husebo], this is Amanda Textor. I read the safety handbook and I saw the * on #13. It states any request for accommodations should be submitted to your local HR partner. I'm assuming that's you so how would I officially submit the request since I wear skirts for religious reasons?

39. Ms. Husebo responded to Ms. Textor's text message by stating, in relevant part: "We did evaluate your request and, as previously shared, it is a safety violation and therefore

a requirement as an employee with CEMEX."

40. Given Cemex's ultimatum to Ms. Textor that she could only return to work if she stopped wearing a skirt, she had to choose between following her religion or keeping her job.

41. Ms. Textor decided to follow her religious beliefs and continue wearing a skirt to work.

42. When Ms. Textor returned to work wearing a skirt, Julian Riffaud, a Cemex human resources representative, ordered Ms. Textor to leave, at Ms. Husebo's direction, because she was wearing a skirt.

43. Later, Ms. Husebo called Ms. Textor and formally terminated her Cemex employment.

44. Ms. Husebo told Ms. Textor that Cemex was terminating her employment for not abiding by the company's personal protective equipment ("PPE") requirements and dress code.

45. Ms. Textor asked Ms. Husebo about other positions with Cemex where she could wear a skirt. Ms. Husebo told Ms. Textor that there were none available.

46. At the time, however, Cemex was hiring for a dispatcher position.

47. Ms. Textor had previous dispatcher work experience.

48. Ms. Textor told Ms. Husebo that she had previous dispatcher work experience.

49. Cemex did not explore any alternative accommodations with Ms. Textor.

50. Because of Cemex's unlawful conduct, Ms. Textor was harmed and suffered damages.

## STATEMENT OF CLAIM

## COUNT I

51. Paragraphs 1 through 50 are incorporated by reference as if fully set forth herein.

52. From at least September 2023, Cemex engaged in unlawful employment practices in violation of Sections 701(j) and 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e(j) and 2000e-2(a)(1), by failing or refusing to provide Ms. Textor with a reasonable accommodation for her sincerely held religious beliefs.

53. Ms. Textor maintains a sincerely held religious belief that she must wear a skirt or dress in public.

54. Ms. Textor sought a religious accommodation from Cemex to wear a skirt over her work pants.

55. Cemex denied Ms. Textor's request for a religious accommodation.

56. Cemex's failure to accommodate Ms. Textor's sincerely held religious belief to wear a skirt or dress resulted in Cemex's termination of her employment.

57. The practices complained of above are unlawful and in violation of Title VII.

58. The practices complained of have deprived Ms. Textor of equal employment opportunities and otherwise adversely affected her status as an employee because of her religion.

59. The practices complained of were intentional.

60. The practices complained of above were conducted with malice and with reckless indifference to Ms. Textor's federally protected rights.

**PRAYER FOR RELIEF**

WHEREFORE, EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Cemex, its officers, parent(s), successors, assigns, agents, managers, employees and all persons in active concert or participation with it, from engaging in employment practices that discriminate against employees because of their religion;

B. Order Cemex to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees with sincerely-held religious beliefs;

C. Order Cemex to make Ms. Textor whole by providing compensation for past, present, and future pecuniary losses, including, but not limited to, job search expenses resulting from the unlawful employment practices complained of herein, in amounts to be determined at trial, and other affirmative relief as necessary to eradicate the effects of Cemex's unlawful employment practices;

D. Order Cemex to make Ms. Textor whole by providing compensation for past, present, and future non-pecuniary losses resulting from the unlawful employment practices described above, including, but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

E. Order Cemex to make Ms. Textor whole by providing appropriate back pay with pre-judgment interest and lost benefits, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of Cemex's unlawful employment practices, including, but not limited to, reinstatement or front pay in lieu thereof;

F. Order Cemex to pay Ms. Textor punitive damages for engaging in intentional discrimination with malice or with reckless indifference, in amounts to be determined at trial;

      G.    Grant such other further relief as the Court deems necessary and proper in the public interest; and

      H.    Award EEOC its costs in this action.

## **JURY TRIAL DEMANDED**

EEOC requests a jury trial on all questions of fact raised by this Complaint.

Dated: June 4, 2025

Respectfully submitted,

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

ANDREW B. ROGERS
Acting General Counsel

CHRISTOPHER LAGE
Deputy General Counsel
131 M Street, N.E.
Washington, DC 20507

KRISTEN M. FOSLID
Regional Attorney
Florida Bar No. 0688681
Kristen.Foslid@eeoc.gov

/s/ Robert L. Adler
ROBERT L. ADLER
Trial Counsel
Florida Bar No. 1004597

Miami District Office
100 S.E. 2nd Street, Suite 1500
Miami, Florida 33131
Phone: (786) 648-5843
Fax: (305) 808-1835
Robert.Adler@eeoc.gov
*Attorneys for Plaintiff*