UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

     Plaintiff,

v.                                                    Case No.:  8:25-cv-01454-SDM-NHA

CEMEX CONSTRUCTION
MATERIALS FLORIDA, LLC,

     Defendant.

_____/

## ORDER

In this civil rights employment action brought by the Equal Employment Commission (EEOC) on behalf of Amanda Textor, Plaintiff EEOC moves to quash the subpoena ordering Ms. Textor to appear at a deposition on December 18, 2025, or, alternatively, for a protective order delaying the deposition. I grant the motion, in part.

### I. Background

The EEOC initiated this case on June 4, 2025, alleging that Defendant Cemex Construction Materials Florida, LLC engaged in unlawful employment practices by refusing to accommodate Ms. Textor's religious practice when it forbade her to wear a skirt at work and subsequently terminated her. Doc. 1.

a. Discovery Timeline

On August 26, the parties submitted a case management report, each proposing different timelines for the case, with most of Defendant's proposed deadlines falling four to six months after Plaintiff's proposed deadlines. *See* Doc. 14. The Court adopted Plaintiff's proposed deadlines, which included a deadline to mediate by February 2, 2026, and to complete discovery by May 28, 2026. Doc. 15, *adopting* Doc. 14, p. 2.

On November 10, 2025, Defendant noticed a December 18, 2025 deposition of Ms. Textor, and served on Ms. Textor a subpoena regarding the same. Docs. 25-1, 25-2. Defendant chose the date for the deposition from dates on which Ms. Textor indicated she was available. Doc. 27 ¶ 27. Also on November 10, Defendant asked Plaintiff to extend the deadline for its discovery responses—initially due in October—to December 1, 2025. Doc. 25 ¶ 3. Plaintiff responded that it would permit the extension, but that if Defendant did not fully answer Plaintiff's discovery requests by December 1, it would need to postpone Ms. Textor's deposition to January. *Id.* ¶ 4. Defendant responded that it would provide its responses by December 1, 2025. *Id.* ¶ 5.

Defendant responded to the discovery requests on December 1, but Plaintiff believed the responses to be insufficient and contacted defense counsel on December 5, 2025, demanding that Defendant supplement the responses by December 10, 2025. *Id.* ¶¶ 6-7. Plaintiff explained that it expected to have the

complete responses before Ms. Textor's December 18, 2025 deposition. *Id.* ¶¶ 6-8. On December 11, 2025, Defendant supplemented its production with roughly 300 pages of documents. *Id.* ¶ 11.

Plaintiff asserts that Defendant's discovery answers remain incomplete. *Id.* ¶¶ 12-15. Defendant does not appear to contest this assertion. *See id.* ¶ 15; Doc. 27 ¶ 9 n. 2 ("As stated in Plaintiff's Motion, the Parties are continuing to confer on what Plaintiff views as Defendant's deficient interrogatory and request for production responses and production."). Plaintiff wishes to reschedule Plaintiff's December 18, 2025 deposition until after the Defendant finalizes its responsive production; Defendant asserts there is no good cause to reschedule. *See generally* Docs. 25, 27.

   b.  The Motion

On December 12, while the parties continued to confer about Defendant's discovery responses, but with Ms. Textor's deposition fast approaching, Plaintiff filed the present motion. Doc. 25. Invoking Rules 26(c) and 45(d) of the Federal Rules of Civil Procedure, Plaintiff moves for a protective order forbidding the deposition of Ms. Textor on December 18, 2025, and/or an order quashing the subpoena issued to Ms. Textor as unduly burdensome. Doc. 25, pp. 1-2. Plaintiff argues that it needs more time to prepare Ms. Textor for her deposition, because of Defendant's December 11 production of 300 pages of

3

discovery and Defendant's failure to date to produce certain other responsive material. *Id.* ¶¶ 11-15.

Defendant opposes the motion. Doc. 27. Defendant does not argue that its production was timely or complete. Rather, it asserts that any shortcomings in its production should not prejudice Ms. Textor, because Ms. Textor's should be able to answer questions about her own conduct without reviewing any of Defendant's discovery responses. *Id.*, p. 8, ¶ 14. Defendant also notes that the parties have a mediation scheduled for January 28, 2026, and thus argues that Defendant would be prejudiced by a delay in the deposition, because Defendant must depose Ms. Textor to fairly evaluate its litigation risk. *Id.*, p. 9.

## II. Legal Authority

"[D]istrict courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami–Dade Cty.*, 297 F.3d 1255, 1263 (11th Cir. 2002).

A party may move for a protective order and a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). Protective orders may "specifify[] terms, including time and place . . . for the disclosure or discovery." FED. R. CIV. P. 26(c)(1)(B). The party seeking a protective order has the burden to demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and

4

conclusory statements" supporting the need for a protective order. *United States v. Garrett*, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978). In addition to finding good cause, the Eleventh Circuit requires the district court to balance the interests of the moving and non-moving parties. *Farnsworth v. Procter & Gamble*, 758 F.2d 1545 (11th Cir. 1985).

A court *must* quash or modify a subpoena that fails to allow a reasonable time to comply or subjects a person to undue burden. FED. R. CIV. P. 45(d)(3)(A). "The undue burden analysis [under Rule 45 (d)(3)(A)] requires the court to balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Jordan v. Commr., Mississippi Dept. of Corrections*, 947 F.3d 1322, 1337 (11th Cir. 2020) (quotation omitted). Factors considered in this balancing analysis include the relevance of the information requested, the proportionality of relevance versus burden of production, and the subpoenaed party's relationship to the case. *Id.*

### III. Analysis

Plaintiff presents sufficient facts to demonstrate that requiring Ms. Textor to appear for her deposition on December 18, 2025 would be unduly burdensome. The Court does not find that production of 300 pages of discovery, seven days before the scheduled deposition, necessitates a delay in the deposition. However, Defendant's failure to produce certain materials altogether frustrates the witness's ability to prepare.

As Plaintiff explains, a timely responsive production by Defendant would have allowed Ms. Textor to review important discovery materials, including her own communications, before being deposed. Plaintiff expected to have those materials in advance of the deposition when it agreed to the December 18, 2025 deposition date, and when it agreed to extend Defendant's response deadline.[1] *Id.*, pp. 7-8.  Experience suggests that an inability to review her own prior relevant communications could in fact prejudice a deponent. Nor     does Defendant's claim to prejudice carry the day. While a delay in Plaintiff's deposition could encroach on the parties' January 28 mediation date, the Court notes the delay stems from Defendant's own failure to meet its discovery deadline. Thus, in my evaluation of each party's interests, I find that Plaintiff's proposed protective order to delay Ms. Textor's deposition is justified under the circumstances.

**IV. Conclusion**

---

[1] Defendant argues, "If Plaintiff took issue with the timing of the exchange of written discovery and production, it could have requested a latter [sic] deposition date in the first place, but it did not." Doc. 27, p. 7. But Plaintiff did *conditionally* request a later deposition date twice prior to filing this motion: first, when Plaintiff agreed to allow Defendant to respond to its discovery requests by December 1, warning that a later production would require delaying Ms. Textor's deposition, and again when Plaintiff demanded that Defendant supplement its responses by December 10 or otherwise reschedule the deposition.

1. For these reasons, Plaintiff's motion is GRANTED to the extent that Defendant may not depose Ms. Textor on December 18, 2025, absent agreement by both parties.

2. The Court directs Defendant to complete its production in response to Plaintiff's September 29, 2025 discovery requests within 14 days.

3. The parties are urged to make every effort to reschedule Ms. Textor's deposition for no later than seven days before the January 28 mediation, to the extent that Defendant's timely production pursuant to this order allows for a deposition in that time period.

DONE and ORDERED on December 17, 2025.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE