UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,

v.                            Case No.:  8:25-cv-01454-SDM-NHA

CEMEX CONSTRUCTION
MATERIALS FLORIDA, LLC,

      Defendant.

_____/

## **ORDER**

The Equal Employment Commission (EEOC) moves to compel better answers to certain interrogatories. Doc. 33. I grant the motion, in part.

### **I. Background**

Amanda Textor worked for Defendant Cemex Construction Materials Florida, LLC, as a Ready-Mix driver trainee, for a week in October 2023. The EEOC initiated this case on June 4, 2025, alleging that Defendant unlawfully refused to accommodate Ms. Textor's religious practice, by forbidding her to wear a skirt at work, and by subsequently terminating her. Doc. 1.

In the present motion, Plaintiff moves to compel Defendant to elaborate on seven of its responses to Plaintiff's interrogatories. Doc. 33. Defendant opposes the motion. Doc. 39.

## II. Legal Authority

The Court has "broad discretion under Federal Rule of Civil Procedure 26 to compel or deny discovery." *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Rule 26(b), which sets out the scope of discovery, provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)" and "is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time." FED. R. CIV. P. 33.

"Rule 33, like other discovery rules, should be given a broad, liberal interpretation. But, as under other discovery rules, the trial court has a reasonable discretion whether to allow discovery under Rule 33." *Bell v. Swift & Co.*, 283 F.2d 407, 409 (5th Cir. 1960).[1]

---

[1] In *Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

III. **Analysis**

On September 29, 2025, Plaintiff served Defendant with eleven interrogatories. Doc. 33-1. The present motion concerns Defendant's responses to seven of them. Plaintiff contends that each of the seven responses is incomplete and asks the Court to compel better answers to each. Doc. 33.

    a.  <u>Interrogatory 3</u>

I grant in part Plaintiff's motion as to Interrogatory 3.

Plaintiff's third interrogatory directed Defendant to "[i]dentify each and every reason Defendant denied Amanda Textor's request to wear a skirt while performing work." Doc. 33-1 p. 5. In response, Defendant stated, in part, "Cemex declined Charging Party's request to wear non-compliant skirts while performing work on the grounds that Charging Party could not safely perform her job duties while wearing either a loose- or tight-fitting skirt as doing so would be a substantial safety violation." Doc. 33-2 pp. 9-10. Defendant later added that, the decision was made "based on the Company's safety policies" after conversations with various decision makers. Doc. 33-4 pp. 15-16.

Plaintiff argues this response was insufficient, because it did not "identify the specific safety risk(s) and violation(s) and include an explanation," including the "specific safety rule, law, regulation, or policy" Defendant contends the skirt-wearing would violate. Doc. 33 p. 5.

3

Plaintiff is correct that Defendant must explain the safety concern that prompted the decision. Indeed, the Court notes that Defendant does so in other responses. *See* Doc. 33-4 p. 25. Additionally, to the extent Defendant references "Company safety policies," it must identify them. However, the Interrogatory did not ask Defendant to specify all laws, rules, and regulations Defendant now contends prohibited Ms. Textor from wearing a skirt.

Thus, Plaintiff's motion as to Interrogatory 3 is granted to the extent that Defendant must supplement its response to explain the specific safety concern caused by Ms. Textor's skirt and the specific Company safety policies its response references.

### b. Interrogatory 4

I grant Plaintiff's motion as to Interrogatory 4.

Plaintiff's fourth interrogatory directed Defendant to "[i]dentify any documents, policies, laws, analysis, evaluations, opinions, regulations, or testing Defendant *considered at the time* it determined that Amanda Textor's skirt created a safety risk to Ms. Textor, her coworkers, and/or members of the public." Doc. 33-1 p. 6 (emphasis added). Defendant responded that it "determined that Charging Party's non-compliant skirt created a substantial safety risk based upon the Company's Critical Safety Rules and Personal Protective Equipment policy and federal workplace safety standards." Doc. 33-2 p. 10. Defendant later added that it "determined that Charging Party's

4

noncompliant skirt created a safety risk based upon the Company's Critical Safety Rules and Personal Protective Equipment policy, among other potential applicable safety standards." Doc. 33-4 pp. 16-17.

Plaintiff argues that this answer is insufficient and vague and that Defendant must identify the specific safety rule, law, regulations, policy or rule at issue. Doc. 33 pp. 6-7. Defendant responds: "At that time, the decision was based upon Defendant employees' background knowledge of applicable safety standards. The decision was not made while reviewing specific laws or policies." Doc. 39 p. 8. In other words, Defendant's opposition suggests that Defendant considered no specific "documents, policies, laws, analysis, evaluations, opinions, regulations, or testing" at the time it determined the skirt presented a safety risk. If this is the case, Defendant need not identify any "documents, policies, laws, analysis, evaluations, opinions, regulations, or testing," in its interrogatory response. However, Defendant's sworn response to the interrogatory——not just its opposition to the present motion——must say so. If it did consider any such materials, Defendant's broad references are insufficient to identify them.

Thus, I grant Plaintiff's motion relating to Interrogatory 4, to the extent that Defendant must supplement its response to specify the "documents, policies, laws, analysis, evaluations, opinions, regulations, or testing" it

considered at the time it determined Ms. Textor's skirt created a safety risk, or to state that it considered no such materials.

### c. Interrogatory 6

I grant Plaintiff's motion as to Interrogatory 6.

Plaintiff's sixth interrogatory directed Defendant to "[i]dentify each and every reason Defendant terminated Amanda Textor's employment." Doc. 33-1 p. 7. Defendant responded by incorporating its response to Interrogatory 5,[2] which itself explained that Defendant "relieved Charging Party of her duties for failing to properly abide by the Company's safety policies in her refusal to wear appropriate personal protective equipment while performing her duties." Doc. 33-4 pp. 17-18.

Plaintiff faults Defendant's answer because it fails to identify the Company safety policies on which Defendant relied and fails to specify the personal protective equipment at issue. Doc. 33 pp. 7-8.

As to the safety policies at issue, the Court agrees that a broad reference to "Company safety policies" is insufficient to identify Defendant's reason for termination. Defendant must specify the policies.

---

[2] Because Plaintiff does not highlight it, the Court does not rule on the ground that Defendant's incorporation of the separate answer violated Rule 33's requirement that each Interrogatory "be answered separately and fully."

As to the protective equipment, Plaintiff states that it attempted to no avail to learn from Defendant what protective equipment Defendant referenced. Defendant responds that, because the interrogatory did not ask Defendant to identify the protective equipment, Defendant need not do so. The Court disagrees. To the extent the Defendant attributes Ms. Textor's termination to her failure to wear protective equipment, Defendant must identify that equipment.

Thus, I grant Plaintiff's motion as to Interrogatory 6. Defendant must specify the Company safety policies and the protective equipment its response references.

### d. Interrogatory 7

I grant Plaintiff's motion as it relates to Interrogatory 7.

Plaintiff's seventh interrogatory directed Defendant to "[i]dentify each essential function of the Ready-Mix Driver position that Defendant maintains Amanda Textor could not perform." Doc. 33-1 p. 7. In response, Defendant explained that "it is essential that Ready-Mix Drivers wear appropriate personal protective equipment, in accordance with CEMEX's safety policies and PPE Requirements," and that Drivers "[a]dhere to all CEMEX, D.O.T., and O.S.H.A. rules and regulations at all times," and "[m]eet or exceed company safety standards." Doc. 33-4 p. 20. Defendant further suggested that the job description included physical requirements that "give further insight into the

reason why loose-fitting or tight-fitting clothing cannot be worn due to safety concerns." *Id.*

Again, Defendant makes broad references to swaths of rules, regulations, statutes, and policies with no specificity. It identifies neither the essential equipment nor the various provisions it references.

Defendant must supplement its answer to Interrogatory 7 by identifying the protective equipment and the provisions of the CEMEX, DOT, and OSHA rules and regulations incorporated by its response.

e.  Interrogatories 9 and 10

I deny Plaintiff's motion as it relates to Interrogatories 9 and 10.

In its ninth and tenth interrogatories, Plaintiff asks Defendant to identify "any and all facts" supporting the Defendant's 12th and 13th affirmative defenses. Doc. 33-1 p. 8. Defendant responded that it had "not yet contended" that the assertions in its affirmative defenses were so. Doc. 33-4 pp. 22-23.

In its opposition to the present motion, Defendant indicates that it does not presently have facts supporting these affirmative defenses, but argues that discovery remains ongoing, Defendant is entitled to conduct discovery to support its defenses, and Defendant has promised that "supplemental information will be provided if additional relevant discovery is identified" and "if a time arises where Defendant can narrow or withdraw affirmative defenses

8

where appropriate, it will do so, but both parties are entitled to complete the discovery process." Doc. 39 p. 12.

To the extent this issue is raised as a request to compel the disclosure of responsive information, it is moot. Defendant's response does not identify responsive facts because it has not yet discovered such facts. It will supplement its response or dismiss its defenses depending on whether discovery yields pertinent facts.

### f.  Interrogatory 11

I deny Plaintiff's motion as it relates to Interrogatory 11.

Plaintiff's eleventh interrogatory directs Defendant to "[i]dentify each and every burden Defendant experienced, or would have experienced, in accommodating Amanda Textor." Doc. 33-1 p. 8. Defendant responded that its burden would have included subjecting Ms. Textor and her co-workers to a safety risk—such as by requiring Ms. Textor to walk up and down the tall Ready-Mix truck ladder and climb in and out of the Ready-Mix truck in a restrictive skirt—and exposing the Defendant to potential lawsuits and civil penalties under OSHA. Doc. 33-4 pp. 24-25.

Plaintiff argues that Defendant must identify the OSHA regulation that would subject Defendant to penalties. Because the Court has already directed the Defendant to specify the CEMEX, DOT, and OSHA rules and regulations at issue, I deny the motion as to Interrogatory 11 as moot.

g.  Plaintiff's Request for Fee Shifting

Finally, Plaintiff seeks an award of expenses that it incurred in moving to compel. Rule 37 provides, regarding "Payment of Expenses; Protective Orders":

(A) If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing). If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii)   the opposing party's nondisclosure, response, or objection was substantially justified; or

(iii)  other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5). Defendant claims an award of fees is inappropriate here, because it made efforts to confer, supplemented its responses, and planned to provide some of the requested information in later discovery productions.  Doc. 39 pp. 12-14.

Because neither party was wholly successful in bringing or defending the present motion, I do not find that any party's position was so unreasonable as to justify fee shifting. Accordingly, I deny Plaintiff's request for expenses.

10

## IV. Conclusion

1. For these reasons, Plaintiff's motion (Doc. 33) is GRANTED to the extent that, **on or before April 28**, Defendant must:

   a. Supplement its response to Interrogatory 3 to explain the specific safety concern caused by Ms. Textor's skirt and the specific Company safety policies Defendant's response references;

   b. Supplement its response to Interrogatory 4 to specify the "documents, policies, laws, analysis, evaluations, opinions, regulations, or testing" it considered at the time it determined Ms. Textor's skirt created a safety risk, or to state that it considered no such materials;

   c. Specify the Company safety policies and the protective equipment it references in its response to Interrogatory 6; and

   d. Supplement its answer to Interrogatory 7 by identifying the protective equipment and the provisions of the CEMEX, DOT, and OSHA rules and regulations at issue.

2.  The motion is otherwise denied.

DONE and ORDERED on April 14, 2026.

NATALIE HIRT ADAMS
UNITED STATES MAGISTRATE JUDGE